UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KELLY PROPERTY, LCC** | * | **CIVIL ACTION NO.: 23-cv-06836** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **CERTAIN UNDERWRITERS AT** | * | **JUDGE:** |
| **LLOYD'S LONDON SUBSCRIBING TO** | * | |
| **POLICY NUMBER:** | * | |
| **B1180D200896/2236LA AND** | * | |
| **HAMILTON INSURANCE** | * | **MAGISTRATE:** |
| **DESIGNATED ACTIVITY COMPANY** | * | |
| **SUBSCRIBING TO POLICY NUMBER:** | * | |
| **B1180D200896/2236LA** | | |
| ************************************* | | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. B1180D200896/2236LA** ("Certain Underwriters") and **HAMILTON INSURANCE DESIGNATED ACTIVITY COMPANY** ("Hamilton DAC"), through undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446 hereby give notice of the removal of this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. The grounds for removal are as follows:

## BACKGROUND

1. On or about September 7, 2023, Plaintiff, Kelly Property, LLC ("Kelly Property"), filed a *Petition for Damages (*the "Petition") in the Civil District Court for the Parish of Orleans, State

of Louisiana, captioned "Kelly Property, LLC v. Certain Underwriters at Lloyd's London Subscribing to Policy No. B1180D200896/2236LA and Hamilton Insurance Designated Activity Company Subscribing to Policy No. B1180D200896/2236LA" and assigned Case No. 2023-10477. A copy of the *Petition*, including the process and pleadings issued to Certain Underwriters' and Hamilton DAC's registered agent for service of process, is attached hereto as Exhibit "A."

2. Defendants were served with the Petition, via the Louisiana Secretary of State on October 17, 2023. *See*, Exhibit "A".

3. The Civil District Court for the Parish of Orleans, State of Louisiana, is a state court within the Eastern District of Louisiana. 28 U.S.C. § 1441(a).

## REMOVAL IS TIMELY

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

5. The instant Notice of Removal has been filed within thirty (30) days of service, and the removal of this action is timely in accordance with 28 U.S.C. § 1446(b). See Fed. R. Civ. P. 6(a)(1)(A)-(C).

## SUBJECT MATTER JURISDICTION

6. This Court has original jurisdiction over Plaintiff's claims because the parties are completely diverse and because the alleged damages likely exceed the jurisdictional threshold of

2

$75,000.00, exclusive of interest and costs, with respect to each entity subscribing to Plaintiff's insurance policy no. B1180D200896/2236LA.

### *The Parties Are Completely Diverse*

7. Plaintiff is a Louisiana limited liability company domiciled in Orlans Parish. *See,* Pet. at ¶ 1. Accordingly, Plaintiff is a citizen of Louisiana.

8. Defendants, Certain Underwriters, are comprised of one syndicate subscribing to Policy No. B1180D200896/2236LA: Syndicate 4000 (HAM 4000) (10%). *See*, Exhibit "B." Syndicate 4000, is managed by Hamilton Managing Agency Ltd., which is a wholly owned (100%) subsidiary of Hamilton Insurance Group Ltd., a Bermudan company with its principal place of business in Hamilton, Bermuda.

9. Defendant, Hamilton DAC, is a corporation organized and existing under the laws of Ireland, with its principal place of business at 2 Shelbourne Buildings Crampton Avenue, Ballsbridge, Dublin 4, D04w3v6, Ireland. Accordingly, Hamilton DAC is a citizen of Ireland for purposes of diversity jurisdiction.

10. Complete diversity of citizenship exists between Plaintiff and Defendants.

### *The Amount in Controversy Exceeds $75,000.00*

11. Certain Underwriters and Hamilton DAC, as the removing parties, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is facially apparent from the Petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id*. at 1253-54.

12. Because the Petition is silent as to the exact amount in controversy, Hamilton DAC must (1) show that it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, or (2) set forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F. 3d 720, 723 (5th Cir. 2002).

13. Penalties and attorneys' fees are included in determining the amount in controversy for purposes of diversity jurisdiction. See *Manguno*, 276 F.3d at 723 ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Malone v. Scottsdale Ins. Co.*, No. 12-1508, 2012 WL 6632440, at *3 (E.D. La. Dec. 19, 2012) ("Claims for attorney's fees and penalties that may be awarded pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied.").

14. Certain Underwriters and Hamilton DAC issued insurance policy no. B1180D200896/2236LA (the "Policy") to Plaintiff for its property located at 237 Basin Street, New Orleans, LA 70112 (the "Property"). Pet. at ¶¶ 4, 5. In its *Petition*, Plaintiff claims that it sustained "significant and severe" damage to the Property as a result of Hurricane Ida., *Id.* at ¶¶ 8, 13.

15. Plaintiff alleges that Defendants' adjuster allowed $5,721.38 for the observed damages. Pet. at ¶ 11. Plaintiff alleges that its public adjuster thereafter submitted a repair estimate for the Property to Defendants that totaled $356,461.07. *Id.* at ¶ 16.

16. Plaintiff further alleges that it invoked the appraisal provision of its Policy, and that an appraisal award was issued on or about June 23, 2023. Pet. at ¶ 19. According to Plaintiff, Defendants did not tender any additional insurance proceeds in response to the appraisal award. *Id.* at ¶¶ 20-21.

17. Defendants dispute that Plaintiff is entitled to recover any amounts for the Property above those observed by Defendants' adjuster.

18. Plaintiff alleges that it has incurred the following, non-exclusive damages as a result of Defendants' alleged "breach of contract, bad faith claims adjusting, and other bad acts:" (a) breach of contract; (b) bad faith according to La. R.S. § 2:1973 and 22:1892; (c) Detrimental Reliance according to Article 1967 of the Louisiana Civil Code; (d) diminution of the value of the Property; (e) actual repair costs; (f) reimbursement for personal repairs at the Property; (g) actual costs related to personal property manipulation, cleaning, repair, or replacement; (h) Additional Living Expenses; (i) mental anguish; (j) failure to pay a valid, independent, signed appraisal award; (k) attorney fees, expert fees, other professional fees, public adjuster fees, and/or litigation costs associated with the bringing of this action; and (l) any and all other legal theories of recovery that become apparent during the discovery process and proven at trial of this matter. Pet. at ¶ 53.

19. Accordingly, while Defendants admit no liability nor any element of damages, the amount in controversy related to the alleged Property damage, which totals as much as $356,461.07 plus statutory penalties and attorney's fees, likely exceeds the jurisdictional threshold of 28 U.S.C. § 1332 with respect to each entity subscribing to the Policy.

## **REMOVAL**

20. As shown above, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because it is a civil action between citizens where the Plaintiff is a citizen of Louisiana and is therefore diverse from Defendants, and the amount in controversy will, more likely than not, exceed the sum of $75,000, exclusive of interests and costs, with respect to each entity subscribing to the Policy. Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

21. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this *Notice of Removal* is being given to Plaintiff, through service to its counsel of record. A copy of the same is attached hereto as Exhibit "C". Written Notice has also been given to the Clerk of Court for the Civil District Court for the Parish of Orleans. A copy of that notice is attached hereto as Exhibit "D."

22. Defendants have filed with this Honorable Court a copy of the *Petition* filed by the Plaintiff in this action. Defendants do not possess any other pleadings, process or other papers, other than those attached.

23. Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the Civil District Court for the Parish of Orleans, State of Louisiana.

24. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that, to the best of their knowledge, information and belief formed after reasonable inquiry, the foregoing Notice of Removal is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

25. By filing this Notice of Removal, Defendants do not waive, and hereby reserve all defenses and objections to the Plaintiff's *Petition*.

26. No special bail or security was or is required in the aforesaid state action.

**WHEREFORE PREMISES CONSIDERED**, Defendants, **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. B1180D200896/2236LA** and **HAMILTON INSURANCE DESIGNATED ACTIVITY COMPANY**, pray that the above-entitled state court action, now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed to the United States District Court for the Eastern District of Louisiana, and that this Court accept jurisdiction of this action.

Respectfully Submitted

**THE WALTZ LAW GROUP, L.L.C.**

      */S/* Matthew D. Fraser
Jeffery J. Waltz (La. Bar No. 28798), **TA**
Jill A. Waltz (La. Bar No. 28081)
Parish J. Tillman (La. Bar No. 37335)
Matthew D. Fraser (La. Bar No. 31730)
1100 Poydras Street, Suite 2620
New Orleans, Louisiana 70163
Telephone:   (504) 264-5260
Facsimile:   (504) 264-5487
Email:   jeff@waltzlawgroup.com
          jill@waltzlawgroup.com
          parish@waltzlawgroup.com
          matt@waltzlawgroup.com
*Attorneys for Defendants, Certain Underwriters at Lloyd's, London and Hamilton Designated Activity Company*

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record through the CM/ECF system and all other parties by email, facsimile, or by placing same in the United States mail, postage prepaid and properly addressed, this 14th day of November 2023.

                            */S/ Matthew D. Fraser*